

RECEIVED
JUN 17 2010
AT 8:30_____M
WILLIAM T. WALSH
CLERK

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*970 Broad Street, 7ᵗʰ Floor*  (973) 973-2723
*Newark, New Jersey 07102*   FAX (973) 297-2006

May 11, 2010

Lawrence S. Lustberg, Esq.
Gibbons P.C.
One Gateway Center
Newark, New Jersey 07102-5310

Re: <u>Plea Agreement with Eliahu Ben Haim</u>  10/403(JAP)-01

Dear Mr. Lustberg:

This letter sets forth the plea agreement between your client, Eliahu Ben Haim, and the United States Attorney for the District of New Jersey ("this Office").

<u>Charge</u>

Conditioned on the understandings specified below, this Office will accept a guilty plea from Eliahu Ben Haim to a one-count Information, which charges him with conspiracy to launder monetary instruments, in violation of Title 18, United States, Code, Section 1956(h). If Eliahu Ben Haim enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Eliahu Ben Haim for engaging in a money laundering or money transmitting scheme from in or about October 2006 to in or about July 2009. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Eliahu Ben Haim agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Eliahu Ben Haim may be commenced against him, notwithstanding the expiration of the limitations period after Eliahu Ben Haim signs the agreement.

<u>Sentencing</u>

The violation of 18 U.S.C. § 1956(h) to which Eliahu Ben Haim agrees to plead guilty carries a statutory maximum prison sentence of twenty years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; (3) twice the gross amount of any pecuniary loss sustained by any

victims of the offense; or (4) twice the amount of the criminally derived property involved in the transaction. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Eliahu Ben Haim is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Eliahu Ben Haim ultimately will receive.

Further, in addition to imposing any other penalty on Eliahu Ben Haim, the sentencing judge: (1) will order Eliahu Ben Haim to pay an assessment of $100, pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order Eliahu Ben Haim to pay restitution pursuant to 18 U.S.C. §§ 3663 et seq.; (3) may order Eliahu Ben Haim, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offense; (4) may order forfeiture, pursuant to 18 U.S.C. § 982; and (5) pursuant to 18 U.S.C. § 3583, may require Eliahu Ben Haim to serve a term of supervised release of not more than three years, which will begin at the expiration of any term of imprisonment imposed. Should Eliahu Ben Haim be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Eliahu Ben Haim may be sentenced to not more than two years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Forfeiture Provision

Eliahu Ben Haim agrees that as part of his acceptance of responsibility and pursuant to 18 U.S.C. § 982, he will forfeit to the United States all property, real and personal, in the amount of $1,500,000, including (1) the $67,100 in U.S. currency seized from Eliahu Ben Haim on or about July 23, 2009; (2) funds totaling $346,062.51 seized from Wachovia Bank Account No. XXXX7275 in the name of Congregation Ohel Eliahu (Seizure No. 3510-2009-F-0078); (3) funds totaling $6,800.63 and $49,418.71 seized from Wachovia Bank Account Nos. XXXX7262 and XXXX2045, in the name of Friends of Yechave Daat (Seizure No. 3510-2009-F-

0079); (4) funds totaling $8,403.92 and $5,000.00 seized from Wachovia Bank Account Nos. XXXX3964 and XXXX3951, in the name of Eli and Norma Ben Haim (Seizure No. 3510-2009-F-0080); (5) funds totaling $97,050.00 seized from Central Jersey Bank Account No. XXXX5244 in the name of Congregation Yehuda Yaaleh (Seizure No. 3510-2009-F-0081); and (6) funds totaling $50,688.91 seized from TD Bank Account No. XXXX9531 in the name of Eli Ben Haim (Seizure No. 3510-2009-F-0082). In addition, prior to sentencing, Eliahu Ben Haim agrees that, in lieu of forfeiting the residence at 279 Elberon Terrace, Elberon, New Jersey, Eliahu Ben Haim will pay to the United States Marshals Service the sum of $100,000. It is agreed that Eliahu Ben Haim is a true and beneficial owner of, and exercised dominion and control over, the property identified above. It is further agreed that such property was involved in a violation of 18 U.S.C. § 1956 or is traceable to such property and therefore subject to forfeiture.

With respect to the property identified above, Eliahu Ben Haim waives any constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment to the United States Constitution.

### Rights of this Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Eliahu Ben Haim by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Eliahu Ben Haim's activities and relevant conduct with respect to this case.

### Stipulations

This Office and Eliahu Ben Haim agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a

- 3 -

particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Eliahu Ben Haim from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Eliahu Ben Haim waive certain rights to file an appeal, collateral attack, writ or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

## Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Eliahu Ben Haim. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service) or any third party from initiating or prosecuting any civil proceeding against Eliahu Ben Haim.

Prior to the date of sentencing, Eliahu Ben Haim shall: (1) either sign Internal Revenue Service Form 870 (Waiver of Restrictions on Assessment and Collection of Deficiency in Tax) relating to tax years 2003 through 2008 or file accurate or amended personal returns for tax years 2003 through 2008; (2) provide all appropriate documentation to the Internal Revenue Service in support of such returns, upon request; (3) pay to the Internal Revenue Service all taxes and any penalties owed on those returns or, if unable to do so, make satisfactory repayment arrangements with the Internal Revenue Service; and (4) fully cooperate with the Internal Revenue Service and comply with the tax laws of the United States. Further, Eliahu Ben Haim agrees to allow the contents of his IRS criminal file to be given to civil attorneys and support staff of the Internal Revenue Service to enable them to investigate any and all civil penalties that may be due and owing by Eliahu Ben Haim. With respect to disclosure of the criminal file to the Internal Revenue Service, Eliahu Ben Haim waives any rights under Title 26, United States Code, Section 7213 and Fed. R. Crim. P. 6(e), and any other right of privacy with respect to his tax returns and return information.

## No Other Promises

This agreement constitutes the plea agreement between Eliahu Ben Haim and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PAUL J. FISHMAN
United States Attorney

By: Maureen Nakly
Assistant U.S. Attorney

APPROVED:

James B. Nobile, Chief
Special Prosecutions Division

- 5 -

I have received this letter from my attorney, Lawrence Lustberg, Esq., I have read it and I understand it fully. I hereby accept the terms and conditions set forth in this letter and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

AGREED AND ACCEPTED:

_____   Date: 5/13/10
Eliahu Ben Haim

_____   Date: 5/13/10
Lawrence S. Lustberg, Esq.
Counsel for Eliahu Ben Haim

- 6 -

## Plea Agreement With Eliahu Ben Haim

### Schedule A

1. This Office and Eliahu Ben Haim recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Eliahu Ben Haim agree to the stipulations set forth herein.

2. The version of the United States Sentencing Guidelines effective November 1, 2009 applies in this case.

3. The base offense level is 8 pursuant to U.S.S.G. § 2S1.1(a)(2).

4. Defendant laundered funds in the amount of more than $1,000,000, but less than $2,500,000. This results in an increase of 16 levels. U.S.S.G. §§ 2S1.1(a)(2); 2B1.1(b)(1)(I).

5. The defendant was convicted under 18 U.S.C. § 1956. Pursuant to U.S.S.G. § 2S1.1(b)(2)(B), this results in an increase of 2 levels.

6. U.S.S.G. § 2S1.1(b)(2)(B) applies and the offense involved sophisticated laundering, pursuant to § 2S1.1(b)(3). This results in an increase of 2 levels.

7. The Government reserves the right to argue that defendant Eliahu Ben Haim abused a position of public or private trust in a manner that significantly facilitated the commission and concealment of the offense and that therefore, pursuant to U.S.S.G. § 3B1.3, an increase of 2 levels applies. Defendant Eliahu Ben Haim disagrees and reserves the right to argue that U.S.S.G. § 3B1.3 does not apply.

8. As of the date of this letter, Eliahu Ben Haim has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Eliahu Ben Haim's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

9. As of the date of this letter, Eliahu Ben Haim has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the

- 7 -

court to allocate their resources efficiently. If Eliahu Ben Haim enters a plea pursuant to this agreement and qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and if in addition Eliahu Ben Haim's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater, Eliahu Ben Haim will be entitled to a further 1-point reduction in his offense level pursuant to U.S.S.G. § 3E1.1(b).

10. In accordance with the above, the parties agree that the total Guidelines offense level applicable to Eliahu Ben Haim is at least 25. The parties further agree that, if the Government prevails on its argument that a two-level increase pursuant to U.S.S.G. § 3B1.3 applies, the total Guidelines offense level applicable to Ben Haim would be at most 27.

11. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. Eliahu Ben Haim reserves his right to seek a downward variance from the total Guidelines offense level pursuant to 18 U.S.C. § 3553(a). The United States reserves the right to oppose any such request for variance.

12. Eliahu Ben Haim knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the total Guidelines offense level of 25. This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the total Guidelines offense level of 27. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

13. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.