McCARTER & ENGLISH, LLP
100 Mulberry Street
Four Gateway Center
Newark, New Jersey 07102
(973) 622-4444
Attorneys for Charles A. Stanziale, Jr.,
Liquidating Trustee of Solomon Dwek and SEM Realty Associates

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNTIED STATES OF AMERICA, | : | Honorable Joel A. Pisano |
| Plaintiff, | : | Criminal Action No. 3:10-Cr-00403-JAP-1 |
| v. | : | |
| ELIAHU BEN HAIM | : | |
| Defendant. | : | |

## PETITION OF CHARLES A. STANZIALE, JR., AS LIQUIDATING TRUSTEE OF, AMONG OTHERS, DEBTORS SOLOMON DWEK AND SEM REALTY ASSOCIATES, LLC, FOR AN ANCILLARY HEARING TO ADJUDICATE THE VALIDITY OF PETITIONER'S INTEREST IN DEFENDANT'S FORFEITED PROPERTY

Charles A. Stanziale, Jr. ("Petitioner"), as Liquidating Trustee of among others, debtors

Solomon Dwek and SEM Realty Associates, LLC, by and through his counsel, McCarter &

English, LLP, petitions this Court for an ancillary hearing pursuant to Title 21, United States

Code, section 853(n)(2), and asserts his vested prior and superior interest as a third party with

respect to property that has been forfeited to the United States by way of this Court's June 17,

2010, Consent Judgment and Preliminary Order of Forfeiture (the "Order") as follows:

## Authority of Trustee Under Bankruptcy Proceedings

1.     On February 9, 2007, several creditors of Solomon Dwek ("Dwek") filed an involuntary petition for relief (Case No. 07-11757 (KCF)) (the "Dwek Bankruptcy") under Chapter 7 of title 11 of the United States Bankruptcy Code ("Bankruptcy Code" or "Code") in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court"). (Compl. ¶ 5.) Attached hereto as Exhibit A is a true and accurate copy of the Verified Complaint and Summons filed against Eliahu Ben-Haim, which sets forth all the facts relevant to Petitioner's interest in certain of Ben-Haim's property.  At all times relevant, Dwek managed and controlled a company named SEM Realty Associates LLC ("SEM").  (Compl. ¶ 7.) On February 13, 2007, SEM filed a voluntary petition for relief under Chapter 11 of the Code in the Bankruptcy Court (Case No. 07-11976 (KCF)) (the "SEM Bankruptcy").  (Compl. ¶ 6.)

2.     On February 22, 2007, on motion by Dwek, the Dwek Bankruptcy was converted to a case under Chapter 11 of the Bankruptcy Code.  (Compl. ¶ 8.)  The SEM Bankruptcy was administratively consolidated with the Dwek Bankruptcy.  (Compl. ¶ 9.)  On March 2, 2007, the Bankruptcy Court entered an Order approving the appointment of Stanziale as the Chapter 11 Trustee in, among others, the Dwek Bankruptcy and the SEM Bankruptcy.  (Compl. ¶ 10.)  On April 27, 2010, the Bankruptcy Court entered an Order approving Mr. Stanziale's appointment as Liquidating Trustee.  A true and correct copy of the Order confirming the Plan of Liquidation and Appointing Mr. Stanziale as Liquidating Trustee is attached hereto as Exhibit B.  The aforementioned bankruptcy proceedings were necessary because of a ponzi scheme that had been perpetrated by Dwek and SEM.

MEI 10214244v.2

### Eliahu Ben-Haim as a Ponzi Participant

3.     At all times relevant, Dwek engaged in a course of conduct wherein he received investment funds from numerous individuals and entities ("Investors") with a promise of a guaranteed return in a specified period of time. (Compl. ¶ 11.)

4.     At all times relevant, on numerous instances, Dwek misrepresented to Investors, that Dwek had secured contracts to purchase certain real properties at a set price and had simultaneously secured contracts to sell those same properties to a fictitious third party at a set price. (Compl. ¶ 15.)  In other instances, Investors were not informed which properties were being acquired or maintained with the funds, or the source of the funds used to repay Investors. (Compl. ¶ 16.)  Virtually all of the funds received were commingled in the SEM Account and were not devoted to a specific investment or property.  (Compl. ¶ 17.)

5.     Dwek utilized a portion of the proceeds that he received from Investors, to purchase real estate, to donate to charitable religious organizations, to improve real estate, or to fund operating shortfalls on properties (e.g., properties that did not generate sufficient income to cover carrying costs including, but not limited to, mortgage debt service, insurance, real estate taxes, maintenance fees and management fees) that he owned individually or by and through limited liability companies that he owned in whole or in part.  (Compl. ¶ 18.)

6.     Dwek utilized an overwhelming majority of the proceeds that he received from new Investors to repay previous Investors their original investments plus significant fictitious profits. (Compl. ¶ 19.)  In many instances, Dwek did not sign any document in favor of Investors evidencing their investments, their promised returns or the date of the promised returns, and did not provide specific information as to how the funds were utilized, in order to

obtain the fictitious profits. (Compl. ¶ 20.)  These fictitious profits were at the expense of

subsequent Investors, Unsecured Creditors and Wrap Mortgagees.  (Compl. ¶ 21.)

7.     At all times relevant, in order to create the perception that he was a philanthropist,

Dwek donated millions of dollars of fraudulently obtained funds to religious organizations.  At

all times relevant, Dwek orchestrated a massive "Ponzi" scheme wherein he would utilize funds

to repay Investors and carry the enterprise until it all collapsed in April 2006.  (Compl. ¶ 23.)

8.     Ben-Haim (the "Defendant") and his charitable organization, Congregation Ohel

Eliahu, were ponzi participants, and they were early investors who received fictitious profits in

return for their bad faith investments in Dwek's ponzi scheme.  (Compl. ¶¶ 2, 25-27.)  The

transfers by Dwek through SEM to the Defendant and Congregation Ohel Eliahu were made

through SEM's PNC Bank Account, 80-1659-7311, as follows:

| DATE | AMOUNT | MANNER OF PAYMENT |
|------|--------|-------------------|
| 08/25/04 | $550,000 | Check #1363 to Eli Ben-Haim |
| 01/07/05 | $335,000 | Check #1533 to Eli Ben-Haim |
| 01/07/05 | $200,000 | Cash |
| 02/28/05 | $511,000 | Check #1565 to Eli Ben-Haim |
| 10/14/05 | $550,000 | Wire Transfer to Congregation Ohel Eliahu |
| 02/03/06 | $500,000 | Cash |
| 02/15/06 | $300,000 | Wire Transfer to Congregation Ohel Eliahu |
| 03/03/06 | $100,000 | Wire Transfer to Congregation Ohel Eliahu |
| 03/10/06 | $300,000 | Wire Transfer to Congregation Ohel Eliahu |
| 03/13/06 | $300,000 | Wire Transfer to Congregation Ohel Eliahu |

(Compl. ¶ 26.)  True and correct copies of Dwek's relevant account documents are

attached hereto as Exhibit C.

9.     During the relevant time period, the Defendant invested the sum of $3,190,000

with Dwek through SEM, and received the Total Transfer of $3,646,000 which included false

4

profits of $456,000 (the "Fictitious Profits"). (Compl. ¶ 27.) Petitioner is currently engaged in litigation against the Defendant to reclaim the Total Transfer of $3,646,000. (Ex. A.)

**Interest in Forfeited Funds**

10.     New Jersey law recognizes Petitioner's legal interest in the specific transfer made to the Defendant of $3,646,000 because the transfers were fraudulent and were not made for reasonably equivalent value. (Compl. ¶¶ 54-91; Am. Compl. ¶¶ 27-60.)  Because the fraudulent transfer is not owned by Defendant, but is owned by Debtors and therefore by Trustee, it cannot be subject to forfeiture.  To the extent that the $3,646,000 is commingled with funds belonging to the Defendant and his charities, the funds cannot be divided without difficulty.

11.     Based on Petitioner's rights as set forth herein, Petitioner asserts its interest in the following bank accounts to the extent that the proceeds of the fraudulent transfers were commingled with other funds:  Account Number 2000018647275 in the name of Congregation Ohel Eliahu, Inc. at Wachovia Bank, Philadelphia, PA Acct# 2000018647275; Account numbers 1010140833964 and 1010140833951, both in the names of Eli and Norma Ben Haim at Wachovia Bank, Philadelphia, PA Acct# 1010140833964 & 951; and account number 7867899531 in the name of Eli Ben Haim at TD Bank (formerly Commerce Bank), Mt. Laurel, NJ.

**Funds (Item nos. 1-7 in the Preliminary Forfeiture Order)**

12.     To the extent that items 1-7, funds designated in the Order as being subject to forfeiture, (a) are the property of the Defendant, or (b) pursuant to any agreement between the Petitioner and the United States Attorney's Office, are not subject to forfeiture, Petitioner asserts an interest in that property.  A true and correct copy of the Consent Judgment and Preliminary Order of Forfeiture is attached hereto as Exhibit D.

MEI 10214244v.2

The Relief Requested

13.    Pursuant to 21 U.S.C. § 853(n)(6), the Petitioner has a prior vested or superior interest in the Property.

14.    Accordingly, the Petitioner seeks relief from this Court's Order and hereby requests that this Honorable Court hold a hearing ancillary to the criminal conviction of the Defendant, at which hearing the Petitioner may testify and present evidence and witnesses on its own behalf pursuant to 21 U.S.C. § 853(n)(5), and further that this Court amend its Order to recognize fully the interest of the Trustee, in the Property, as it is set forth herein.

Respectfully submitted,

Dated: August 23, 2010

McCARTER & ENGLISH, LLP
100 Mulberry Street
Four Gateway Center
Newark, New Jersey 07102
Attorneys for Charles A. Stanziale, Jr.,
Chapter 11 Trustee of Solomon Dwek
and SEM Realty Associates

By: _____
Matthew G. Wapner
A Member of the Firm

MEI 10214244v.2